UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GREGORY WEST ENTSMINGER, | Case No. 3:21-cv-00295-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CHARLES DANIELS, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Pro se Plaintiff Gregory West Entsminger brings this civil rights lawsuit to redress constitutional violations that he alleges he suffered while incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 11.) Before the Court is the Report and Recommendation (ECF No. 61 ("R&R")) of United States Magistrate Judge Carla Baldwin, recommending the Court grant Defendants' motion for summary judgment (ECF No. 43 ("Motion")). The Court granted Plaintiff an extension of time to November 6, 2024 to file an objection to the R&R. (ECF No. 64.)  To date, Plaintiff has failed to file an objection. For this reason, and because the Court finds Judge did not clearly err, the Court adopts the R&R and grants Defendants' Motion.

**II.   BACKGROUND**

On April 22, 2022, the Court screened Plaintiff's First Amended Complaint and permitted Plaintiff to proceed with three claims: (1) an Eighth Amendment deliberate indifference to serious medical needs claim related to treatment of injury to his hand after symptoms developed; (2) a First Amendment retaliation claim; and (3) an official-capacity claim for injunctive relief challenging NNCC's "kite only" policy requiring the submission of a kite to seek medical attention. (ECF No. 10 at 8-14.) Further factual background as

1    to Plaintiff's claims are explained in detail in the R&R (ECF No. 64 at 2-4), which the Court
2    adopts.
3        The Court briefly summarize the relevant procedural history to underscore the
4    numerous extensions of deadlines to allow Plaintiff to fully participate in the summary
5    judgment proceedings. On May 3, 2024, Defendants filed their motion for summary
6    judgment. (ECF No. 43.) Because Plaintiff did not respond and mail sent to Plaintiff's
7    address was returned as undeliverable, the Court stayed the briefing schedule on
8    Defendants' Motion pending Plaintiff's filing of his change of address. (ECF No. 52.)
9    Plaintiff complied and updated his address. (ECF No. 54.) On July 8, 2024, the Magistrate
10   Judge set a briefing schedule on Defendants' Motion, giving Plaintiff until August 5, 2024,
11   to respond to the Motion. (ECF No. 55.) On August 5, 2024, Plaintiff requested a 60-day
12   extension of time to file his response. (ECF No. 57.) The Magistrate Judge granted his
13   request, extending the response deadline to October 4, 2024. (ECF No. 60.) Plaintiff did
14   not file a response by that deadline. After the Magistrate Judge issued the R&R on
15   October 8, 2024, the Court granted Plaintiff's request for extension of time to November
16   6, 2024, to file an objection. (ECF No. 64.) On November 6, 2024, Plaintiff filed response
17   to the R&R wherein he describes "hardships" that affect his ability to respond to
18   Defendants' Motion and states he has "already started the drafting of the motion" asking
19   for the Magistrate Judge to allow this case to proceed. (ECF No. 65 at 6.) Plaintiff states
20   he would file his "Opposition within 2 weeks or less." (*Id.*) The docket reflects that was the
21   last filing by Plaintiff.

22   **III.    DISCUSSION**

23        The Magistrate Judge considered Defendants' arguments and supporting
24   evidence in recommending granting Defendants' Motion. (ECF No. 61.) Because there is
25   no objection, the Court need not conduct de novo review, and is satisfied that Judge
26   Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th
27   Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is
28   required if, but *only* if, one or both parties file objections to the findings and

recommendations.") (emphasis in original)). As to the first claim for deliberate indifference to medical needs, Judge Baldwin concluded that the evidence offered, including medical records, compels a finding that Defendants met their burden to show they took extensive actions to treat Plaintiff's hand after they were informed of the symptoms. (ECF No. 61 at 9.) Judge Baldwin recommends granting summary judgment because Plaintiff did not respond to challenge Defendants' evidence or to show any genuine issue of fact for trial. (*Id.*) Judge Baldwin recommends granting summary judgment on the second claim for First Amendment retaliation for the same reason—Defendants met their burden to show both an absence of knowledge or involvement in the protected activity and any chilling effect. (*Id*. at 11.) Finally, Judge Baldwin recommends dismissing the third claim for injunctive relief as to the "kite only" policy as moot because Plaintiff was released from custody. (*Id*. at 12.)

Having reviewed Defendants' Motion and supporting evidence, the Court finds that Judge Baldwin did not clearly err. The Court will accordingly adopt the R&R in full.

**IV.  CONCLUSION**

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 61) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 43) is granted.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 12th Day of February 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE